Cynthia A. ANGLEMYER, Plaintiff,

v.

HAMILTON COUNTY HOSPITAL, E.D. "Skip" Reed, Steve Schell, Larry Fallwell, Zeno Gould, Jimmy Grilliot, Magdalene Haslett, and Thelma Warner, Defendants.

Civ. A. No. 93–1168.

United States District Court, D. Kansas.

March 28, 1994.

Lawrence G. Michel, Kennedy, Berkley, Yarnevich & Williamson, Chtd., Salina, KS, for plaintiff.

Robert H. Gale, Jr., Gale & Gale, Syracuse, KS, Alfred James Johnston, Jonathan B. Sprague, Joseph J. McAlee, Post & Schell, P.C., Philadelphia, PA, for defendants.

### MEMORANDUM AND ORDER

THEIS, District Judge.

Plaintiff brought this action under 42 U.S.C. § 1983, alleging that she was terminated from her position as Risk Manager for Hamilton County Hospital in violation of her procedural and substantive due process rights. Furthermore, plaintiff brings several pendent state law claims, including a claim for retaliatory discharge. The matter is before the court on defendants' motion to dismiss (Doc. 4).

Plaintiff was hired as a staff nurse at Hamilton County Hospital in February 1990. Between May 1991 and January 1993, plaintiff worked as Director of Quality Assurance and Risk Management ("Risk Manager") for the hospital. On January 18, 1993, plaintiff was removed from that position by a vote of the hospital board. (The board did not terminate plaintiff from her position as a staff nurse.) Plaintiff claims she was not given any notice of the meeting or the charges against her and was not permitted the opportunity to respond to the charges. In fact, plaintiff asserts that the defendants have not to this day informed her of the grounds for her discharge. Plaintiff asserts, however, that she was terminated because she strictly complied with her state statutory duty as Risk Manager and refused to overlook reportable incidents when they were brought to her attention. Plaintiff asserts that she had an implied contract with the hospital for her

continued employment absent "just cause" for termination.

For purposes of this motion the facts, as outlined above, are uncontested. Defendants concede, again for purposes of this motion, that they acted under color of state law or that plaintiff had a property interest in her continued employment as Risk Manager.

▆▆▆▆ Motions to dismiss are disfavored: a complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Hospital Bldg. Co. v. Trustees of Rex Hosp.*, 425 U.S. 738, 746, 96 S.Ct. 1848, 1853, 48 L.Ed.2d 338 (1976); *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957). In considering a motion to dismiss, "[a]ll well-pleaded facts, as distinguished from conclusory allegations, must be taken as true" and all reasonable inferences must be indulged in favor of the plaintiff. *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir.1984); *Mitchell v. King*, 537 F.2d 385, 386 (10th Cir.1976). Pleadings are to be liberally construed. *Gas-a-Car, Inc. v. American Petrofina, Inc.*, 484 F.2d 1102, 1107 (10th Cir.1973). The question is not whether a plaintiff will ultimately prevail, but whether he is entitled to offer evidence in support of his claims. *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974).

## 1. Procedural Due Process

▆▆▆▆ Plaintiff alleges that her termination violated her right to procedural due process in that she was not given notice of the charges against her or the opportunity to respond to those charges. In moving for dismissal, the defendants concede that plaintiff received no pre-termination notice or hearing. However, defendants argue that procedural due process was not violated in this case because adequate post-deprivation remedies are available to the plaintiff.

In *Parratt v. Taylor*, 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981) and *Hudson v. Palmer*, 468 U.S. 517, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984), the Supreme Court held that random, unauthorized deprivations of property do not violate due process as long as adequate post-deprivation remedies are available. The Court reasoned that in some cases it is not feasible for the State to provide a pre-deprivation hearing. *See Zinermon v. Burch*, 494 U.S. 113, 128–30, 110 S.Ct. 975, 985–86, 108 L.Ed.2d 100 (1990) (explaining *Parratt* and *Hudson*). In such cases all that can be expected of the State is to make available post-deprivation remedies. *Id.* In this case, the defendants argue that the termination of plaintiff was random and unauthorized because plaintiff alleges it was in violation of K.S.A. § 65–4928, which prohibits retaliation against employees for their compliance with the Kansas Risk Management Act. Moreover, the defendants claim that plaintiff's state law causes of action (breach of contract and statutory relief under K.S.A. § 65–4928) provide adequate post-deprivation relief to satisfy the requirements of due process. The court disagrees with the defendants for several reasons.

First, defendants' analysis ignores the reasoning behind the *Parratt/Hudson* doctrine, which is that the State does not violate a person's due process rights by failing to provide pre-deprivation process if it is impossible for the state to do so. However, in cases of termination of employment and in most other situations it is possible for the relevant state actor to hold a pre-deprivation hearing. Moreover, the interest of a person in retaining employment is high compared to the governmental interest in terminating an allegedly unsatisfactory employee without any type of hearing. *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 543–44, 105 S.Ct. 1487, 1494, 84 L.Ed.2d 494 (1985). Furthermore, the government has an interest in avoiding erroneous terminations and retaining qualified employees. *Id.* at 544, 105 S.Ct. at 1494–95. Therefore, due process requires some form of pre-termination hearing, in addition to post-deprivation measures. *Id.* at 542, 105 S.Ct. at 1493. *See also Hartwick v. Board of Trustees of Johnson Cty. Community College*, 782 F.Supp. 1507, 1511 (D.Kan. 1992); *Mason v. Board of Educ., School Dist. No. 209*, 741 F.Supp. 879, 882 (D.Kan.1990); *Groh v. City of Lenexa*, No. 90–2073-V, 1991 WL 79662 at *6 (D.Kan.1991).

Second, defendants err in reasoning that because plaintiff's termination was allegedly wrongful under state law, it was also "random and unauthorized." The hospital board is the body authorized to make personnel decisions pursuant to K.S.A. § 19–4605(a). It was therefore authorized to terminate plaintiff. *See Zinermon v. Burch,* 494 U.S. at 135, 110· S.Ct. at 988.

Some courts have held that if the state mandates procedures for termination of government employees and the relevant state actor fails to follow those procedures, then the *Parratt/Hudson* doctrine applies, and adequate post-deprivation remedies satisfy the requirements of due process. *E.g., Fields v. Durham,* 856 F.2d 655 (4th Cir.1988), *cert. denied,* 498 U.S. 1068, 111 S.Ct. 786, 112 L.Ed.2d 849 (1991). However, that analysis would not defeat plaintiff's procedural due process claim in this case for several reasons. Most importantly, the Tenth Circuit has indicated that it will not apply *Parratt/Hudson* merely because the deprivation violated state law. *Wolfenbarger v. Williams,* 774 F.2d 358, 363 (10th Cir.1985), *cert. denied,* 475 U.S. 1065, 106 S.Ct. 1376, 89 L.Ed.2d 602 (1986). *See also Mason,* 741 F.Supp. 879. It appears that the Supreme Court endorsed the approach followed by the Tenth Circuit in *Zinermon v. Burch,* 494 U.S. at 135–36, 110 S.Ct. at 988–89 (stating it is immaterial whether the alleged due process violation arises from lack of specific state requirements or from failure to follow those state requirements). Moreover, the Kansas Risk Management Act does not mandate the procedures to be followed in terminating an employee, but only prohibits termination for specified reasons. Plaintiff does not allege that the board's failure to provide a pretermination hearing violated state law. Finally, most cases applying *Parratt/Hudson* to employment situations have done so only where there was some pretermination process which the plaintiff alleges was inadequate or improperly conducted. *Fields v. Durham,* 856 F.2d at 658; *Schaper v. City of Huntsville,* 813 F.2d 709, 714 (5th Cir.1987); *Hartwick,* 782 F.Supp. at 1508. These courts have found that the hearings involved complied with the minimal requirements for a pretermination hearing as set forth in *Loud-*

*ermill. Fields,* 856 F.2d at 658; *Schaper,* 813 F.2d at 716; *Hartwick,* 782 F.Supp. at 1511. The plaintiff in this case alleges that she was afforded no pretermination process. For the foregoing reasons the defendants' motion to dismiss is denied as to plaintiff's procedural due process claim (Count I).

**2. Substantive Due Process**

▪ Next, defendants contend that Count II, plaintiff's substantive due process claim, should be dismissed because there is no substantive due process right in continued government employment. The issue of whether a citizen's interest in public employment is protected by substantive due process has met with disagreement among the courts. The Tenth Circuit has not addressed the issue. *See Archuleta v. Colorado Dep't of Institutions,* 936 F.2d 483, 489 n. 6 (10th Cir.1991). A few courts hold that a plaintiff must allege the violation of a "fundamental right." *E.g., Thomson v. Scheid,* 977 F.2d 1017, 1020 (6th Cir.1992). Because a government job is not a fundamental right, those courts hold that no substantive due process claim will lie for termination from government employment. *Id.* *See also Hartwick,* 782 F.Supp. at 1516.

▪ However, the greater weight of authority supports in addition to protection of fundamental rights, substantive due process clause protects against unreasonable and arbitrary governmental decisions which deprive citizens of property or liberty interests (including government employment that meets the definition of property interest) and which are unrelated to a legitimate governmental interest. *Moulton v. City of Beaumont,* 991 F.2d 227, 230 (5th Cir.1993); *Feliciano v. City of Cleveland,* 988 F.2d 649, 656 (6th Cir.), *cert. denied,* —— U.S. ——, 114 S.Ct. 90, 126 L.Ed.2d 57 (1993); *Jackson v. Gates,* 975 F.2d 648, 657 (9th Cir.1992), *cert. denied,* —— U.S. ——, 113 S.Ct. 2996, 125 L.Ed.2d 690 (1993); *Adams v. Sewell,* 946 F.2d 757 (11th Cir.1991); *Smith v. Town of Eaton, Ind.,* 910 F.2d 1469, 1472 (7th Cir. 1990), *cert. denied,* 499 U.S. 962, 111 S.Ct. 1587, 113 L.Ed.2d 651 (1991); *Swank .v. Smart,* 898 F.2d 1247, 1251 (7th Cir.), *cert. denied,* 498 U.S. 853, 111 S.Ct. 147, 112 L.Ed.2d 113 (1990). In other words, the

942

decision must meet the rational basis test. *Delahoussaye v. City of New Iberia*, 937 F.2d 144, 149 (5th Cir.1991). In this case, the plaintiff alleges that the decision to terminate her from her position as Risk Manager was arbitrary, capricious and based on an improper motive. The defendants have conceded for purposes of this motion that plaintiff had a property interest in her employment as the hospital's Risk Manager. Therefore, plaintiff has stated a claim for violation of substantive due process.

### 3. Retaliatory Discharge

In Count V of her Complaint, plaintiff alleges that the defendants' actions constituted retaliatory discharge because plaintiff was terminated in violation of K.S.A. § 65–4928. Defendants argue that plaintiff's common law claim for retaliatory discharge should be dismissed because it is preempted by her claims under § 1983 and K.S.A. § 65–4928, part of the Kansas Risk Management Act.

K.S.A. § 65–4928 provides:

(a) No employer shall discharge or otherwise discriminate against any employee for making any report pursuant to [this Act].

(b) Any employer who violates the provisions of subsection (a) shall be liable to the aggrieved employee for damages for any wages or other benefits lost due to the discharge or discrimination plus a civil penalty in an amount not exceeding the amount of such damages. Such damages and civil penalty shall be recoverable in an individual action brought by the aggrieved employee. If the aggrieved employee substantially prevails on any of the allegations contained in the pleadings in an action allowed by this section, the court, in its discretion, may allow the employee reasonable attorney fees as part of the costs.

[7–9] In order to succeed on a claim for retaliatory discharge under Kansas law, a plaintiff must show not only that she was discharged in contravention of public policy, but also that she has no alternative remedy under state or federal law. *Polson v. Davis*, 635 F.Supp. 1130 (D.Kan.1986), *aff'd*, 895 F.2d 705 (10th Cir.1990). The state common law remedy for retaliatory discharge is unavailable where there is an adequate statuto-ry remedy. *Rupp v. Purolator Courier Corp.*, 790 F.Supp. 1069, 1072 (D.Kan.1992) (citing *Polson*, 895 F.2d at 709). In *Polson* and *Rupp* the courts concluded that a retaliatory discharge claim was unavailable where the plaintiff alleged conduct which violated Title VII and the Kansas Act Against Discrimination. *Polson*, 635 F.Supp. at 1149–50; *Rupp*, 790 F.Supp. at 1072. In this case, plaintiff bases her retaliatory discharge claim on the alleged violation of the Kansas Risk Management Act. This statute, as quoted above, provides plaintiff with an adequate remedy if it is determined that the defendants terminated her in retaliation for her compliance with her duties under the statute. Therefore, plaintiff does not state a claim for retaliatory discharge under Kansas common law.

### 4. Pendent State Law Claims

Finally, defendants seek dismissal of the pendent state law claims contingent upon the dismissal of the federal law claims. Because the court has not dismissed the federal law claims, dismissal of the pendent state law claims is, of course, not appropriate.

**IT IS BY THIS COURT THEREFORE ORDERED** that defendants' motion to dismiss (Doc. 4) is hereby granted in part (as to Count V) and denied in part (as to Counts I through IV).