Cynthia A. ANGLEMYER, Plaintiff,

v.

HAMILTON COUNTY HOSPITAL, E.D. "Skip" Reed, Steve Schell, Larry Fallwell, Zeno Gould, Jimmy Grilliot, Magdalene Haslett, Thelma Warner, Bruce Alter, M.D., and Dennis Carter, Defendants.

Civil Action No. 95–1394–MLB.

United States District Court,
D. Kansas.

Aug. 19, 1996.

Lawrence G. Michel, Kennedy, Berkley, Yarnevich & Williamson, Chtd., Salina, KS, for Cynthia A. Anglemyer.

Robert H. Gale, Jr., Gale & Gale, Syracuse, KS, Alfred James Johnston, Jonathan B. Sprague, Joseph J. McAlee, Post & Schell, P.C., Philadelphia, PA, for Hamilton County Hospital, E.D. Reed, Steve Schell, Larry Fallwell, Zeno Gould, Jimmy Grilliot, Magdalene Haslett, Thelma Warner, and Bruce Alter, M.D.

Allen G. Glendenning, Watkins, Calcara, Rondeau, Friedeman, Bleeker, Glendenning & McVay, Chtd., Great Bend, KS, for Dennis Carter.

## MEMORANDUM AND ORDER

BELOT, District Judge.

This case comes before the court on defendants' motions to dismiss, (Docs. 6, 8), to which plaintiff has responded. (Doc. 11).[1] The court is prepared to rule.

### Alleged Facts

Defendant Hamilton County Hospital ("Hospital") employed plaintiff as a staff nurse in February 1990. The Hospital appointed her Director of Nursing and Director of Quality Assurance and Risk Management in May 1991. In July 1992, plaintiff resigned as Director of Nursing but retained her position as Risk Manager.

Plaintiff alleges that she "refused to overlook reportable incidents brought to her attention and pursued all matters in strict compliance with her statutory duty under Kansas law," and that because of this, certain individuals associated with the Hospital and local community wanted her replaced. (Doc. 1, Ex. A. at ¶¶ 17, 18).

In January 1993, the Hospital board, comprised of defendants Reed, Schell, Fallwell, Gould, Grilliot, Haslett and Warner, had a special meeting and voted to terminate plaintiff as Risk Manager. Plaintiff was not given notice of this meeting or of the charges made against her. Defendants gave her notice of her termination as Risk Manager in a letter placed on a bulletin board near her office. (Doc. 1, Ex. A at ¶ 19). Plaintiff does not allege that she was terminated from her position as a staff nurse.

Plaintiff alleges the following claims against all defendants: tortious interference with contract (Count I), denial of substantive due process pursuant to 42 U.S.C. § 1983 (Count II), violation of the Kansas Risk Management Statute (Count III), breach of implied contract (Count IV), and retaliatory discharge (Count V).

### Background

In 1993, plaintiff filed suit against defendants Hospital, Reed, Schell, Fallwell, Gould, Grilliot, Haslett and Warner in Judge Theis' court. *Anglemyer v. Hamilton County Hospital*, 848 F.Supp. 938 (D.Kan.1994) ("*Anglemyer* I"). The defendants in the current action are identical with the exception that plaintiff has now added two more defendants, Alter and Carter.

In *Anglemyer* I, plaintiff claimed defendants, with the exception of the newly-added Alter and Carter, terminated her as Risk Manager in violation of her procedural and substantive due process rights in violation of § 1983. Plaintiff also asserted several state law claims, including retaliatory discharge. *Anglemyer v. Hamilton County Hospital*, 848 F.Supp. 938 (D.Kan.1994), *aff'd*, 58 F.3d 533 (10th Cir.1995).

Defendants in *Anglemyer* I filed a motion to dismiss under Fed.R.Civ.P. 12(b)(6).

---

1. Defendants recently have filed motions for summary judgment (Docs. 31, 32 and 35). Because of the rulings herein, consideration of the motions is not necessary.

Judge Theis dismissed plaintiff's retaliatory discharge claim because the Kansas Risk Management Statute provided an adequate, alternative remedy. *Anglemyer,* 848 F.Supp. at 941. Anglemyer did not appeal this ruling.

At the close of discovery, defendants in *Anglemyer* I moved for summary judgment. The court granted the motion on both plaintiff's procedural and substantive due process claims under § 1983, on the grounds that the undisputed evidence showed that plaintiff was employed at will and had no property interest in her employment with the Hospital. *Anglemyer,* Civ.A. No. 93–1168, 1994 WL 409618, at *3–*4 (D.Kan. July 5, 1994). The court also dismissed without prejudice the remaining pendant state law claims. *Id.* at 4.

Plaintiff appealed the summary judgment order to the Tenth Circuit. *Anglemyer v. Hamilton County Hospital,* 58 F.3d 533 (10th Cir.1995). The Circuit found that the district court had erred in holding that plaintiff was employed at will and had no property interest in her employment because there was sufficient evidence to the contrary to present a jury question. *See id.* at 537. The Circuit affirmed the decision, however, on the alternative ground that the overwhelming weight of authority holds that no protected property interest is implicated when an employer reassigns or transfers an employee absent a specific statutory provision or contract term to the contrary. *Id.* at 537–38. The Circuit affirmed the district court's decision in all respects but without specifically discussing plaintiff's substantive due process claim.

Plaintiff represents in her brief that she filed a timely petition for rehearing to the Court of Appeals on the basis that the Court of Appeals had overlooked her substantive due process claim, but that her petition was "denied without comment." (Doc. 11 at 5).

Soon after the decision from the Tenth Circuit, plaintiff, in her own words, "refiled" this case in the District Court of Hamilton County, Kansas, (Doc. 1, Ex. A), because she "did not believe that her substantive due process and retaliatory discharge claims had

been adjudicated on the merits." (Doc. 11 at 5).

Defendants removed the case to this court pursuant to 28 U.S.C. § 1441(b). This court has federal question jurisdiction pursuant to 28 U.S.C. § 1331.

### Discussion

Defendants move to dismiss plaintiff's case under Fed.R.Civ.P. 12(b)(6) because res judicata and collateral estoppel bar relitigation of the substantive due process and retaliatory discharge claims. Defendants also ask the court to decline to exercise supplemental jurisdiction over the remaining state claims.

#### A. *Standards for Motions to Dismiss*

Dismissal under Rule 12(b)(6) is appropriate only when it appears that the plaintiffs can prove no set of facts in support of their claims that would entitle the plaintiffs to relief. *Maez v. Mountain States Telephone and Telegraph,* 54 F.3d 1488, 1496 (10th Cir. 1995). The court accepts all well-pleaded allegations as true and construes them in the light most favorable to plaintiffs, aware that the Rules erect a powerful presumption against rejecting pleadings for failure to state a claim. *Id.* The question is not whether a plaintiff will ultimately prevail, but whether she is entitled to offer evidence in support of her claims.

#### B. *Substantive Due Process Claim*

Plaintiff argues that substantive due process prohibits a state from depriving a person of a property interest for an arbitrary reason, even if it uses adequate procedures. (Doc. 11 at 8). Defendants argue plaintiff's substantive due process claim is barred by res judicata.

Under res judicata, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action. *Hoxworth v. Blinder,* 74 F.3d 205, 208 (10th Cir.1996). The doctrine is intended to relieve parties of burdensome multiple lawsuits, prevent inconsistent decisions, and encourage reliance on adjudication. *Id.* Res judicata requires: (1) a final

judgment on the merits in the prior action, (2) the claims raised in the subsequent action were identical to those decided in the prior action, and (3) the prior action involved the same parties or their privies. *Id.*

▮ Plaintiff disputes only the first element of res judicata, arguing that her substantive due process claim was never decided on the merits and is therefore not barred. (Doc. 11 at 1).[2] Plaintiff's contentions are as follows:

> In Judge Theis' order granting the Defendants' motion for summary judgment, he found that as a matter of law there was insufficient evidence to support a claim of implied contract, thereby obviating the possibility of a property interest. *Admittedly, under Judge Theis' ruling both of [plaintiff's] due process claims would have been barred.* On appeal, however, the 10th Circuit affirmed on a different basis; specifically, the 10th Circuit found that since [plaintiff] would have still been a full-time employee she did not have a property interest in a particular position. In other words, the Court found that she did not have a "property interest amenable to procedural due process protection in her continued employment in a particular position under Kansas law." *Anglemyer,* 58 F.3d at 538. However, in reaching its decision, the Court of Appeals apparently overlooked [plaintiff's] substantive due process claim and affirmed the District Court's decision without addressing it. In other words, if [plaintiff] does prove that she had a property interest in her employment and that she was transferred for an improper

reason, she could still prevail on her substantive due process claim under the 10th Circuit decision.

(Doc. 11 at 9–10).

▮ The court finds plaintiff's argument unpersuasive. Plaintiff has conceded that if she had no property interest in her employment, her substantive due process claim would fail. The court fails to see the difference in the context of substantive due process between a situation where there is no property interest at all, and a situation where there is a property interest but it is not implicated. The Tenth Circuit held as a matter of law that the plaintiff's transfer did not implicate any property right she might have had in her employment, thus disposing of both plaintiff's procedural and substantive due process claims. Summary judgment is a final disposition on the merits. *Dicken v. Ashcroft,* 972 F.2d 231, 233 n. 5 (8th Cir. 1992). Plaintiff's substantive due process claim therefore was decided on the merits and the court accordingly grants the motion to dismiss plaintiff's § 1983 claim on the grounds that it is barred by res judicata as to all defendants except Carter.[3]

## C. *Retaliatory Discharge*

In *Anglemyer* I, the court dismissed with prejudice plaintiff's claim of retaliatory discharge because it was preempted by the Kansas Risk Management Act. 848 F.Supp. at 942. Plaintiff has now brought the identical claim in this court. Plaintiff argues that res judicata should not apply because defendants later took the position that the Kansas Risk Management Act did not apply to the

---

**2.** Plaintiff also states that she was denied a full and fair opportunity to litigate her substantive due process and retaliatory discharge claims, (Doc. 11 at 12), but this argument appears to be based on her assertion that the previous courts did not decide her claims on the merits, not that she was prevented from presenting her claims and positions.

**3.** The court grants dismissal of plaintiff's § 1983 claim even with regard to the newly-added defendant, Alter. The doctrines of res judicata (claim preclusion), and collateral estoppel (issue preclusion), are closely related. *Frandsen v. Westinghouse Corp.,* 46 F.3d 975, 978 (10th Cir.1995). Unlike res judicata, however, collateral estoppel does not require that the parties be the same.

Instead, collateral estoppel requires "an identity of issues raised in the successive proceedings and the determination of these issues by a valid final judgment to which such determination was essential." *Id.* (quoting *Sil–Flo, Inc. v. SFHC Inc.,* 917 F.2d 1507, 1520 (10th Cir.1990)). The court finds that the Court of Appeal's decision that plaintiff's property interests were not implicated by her transfer collaterally estoppes her present claims against Alter, which arise from the same set of facts which prompted her earlier action in Judge Theis' court.

Plaintiff does not assert her substantive due process claim against the other newly-added defendant, Carter, (Doc. 14), or else the court would dismiss the claim against him as well.

facts of her case, "Therefore, it is quite likely that Judge Theis' ruling would have been different under the position now taken by Defendants." (Doc. 11 at 13). Plaintiff cites no authority for her proposition that this court, in effect, vacate Judge Theis' ruling because of positions taken by parties in subsequent litigation. Dismissal for failure to state a claim under Fed.R.Civ.P. 12(b)(6) operates as a judgment on the merits. *Federated Dept. Stores v. Moitie,* 452 U.S. 394, 399 n. 3, 101 S.Ct. 2424, 2428 n. 3, 69 L.Ed.2d 103 (1981). The court accordingly dismisses plaintiff's retaliatory discharge claim as to all defendants.

### D. *Supplemental Jurisdiction*

▇ Defendants ask this court to dismiss without prejudice plaintiff's remaining state law claims in the event it dismisses plaintiff's federal claim. This court has discretion to try state claims in the absence of any triable federal claims, although its discretion should be exercised in those cases in which, given the nature and extent of pretrial proceedings, judicial economy, convenience and fairness would be served by retaining jurisdiction. *Anglemyer,* 58 F.3d at 541.

▇ Plaintiff argues two reasons why this court should not dismiss her pendant state claims. First, she contends defendants have waived any right to claim that this case should be remanded to state court because they previously removed the case to federal court. Plaintiff does not cite any authority in support of her argument, and the court finds nothing inconsistent about defendants' preference to have the federal claims asserted against them resolved in federal court and the state claims asserted against them resolved in state court.

Second, plaintiff argues that, "[a]s noted by the 10th Circuit opinion, this case is essentially ready for trial, with a pretrial order having been entered in the original case." The Tenth Circuit in *Anglemyer* expressed concern that district courts be aware of the extent of the litigants' pretrial efforts, and

found that plaintiff's argument on appeal that the court in *Anglemyer* I should not have dismissed her pendant state claims was "not unsound."

The Circuit upheld *Anglemyer* I's dismissal of plaintiff's pendant state claims, however, because it believed the Kansas courts were the appropriate forum to decide plaintiff's claim under the Kansas Risk Management Act, which it described as a "novel and complex issue of state law." *Anglemyer,* 58 F.3d at 541. Plaintiff continues to assert her claim under the Kansas Risk Management Act and the court accordingly dismisses plaintiff's state law claims without prejudice.

IT IS ACCORDINGLY ORDERED that defendants' motion to dismiss, (Doc. 6), is GRANTED. Plaintiff's pendant state law claims are dismissed without prejudice. Defendant Carter's motion to dismiss, (Doc. 8), is moot.[4]

---

4. Defendant Carter moved to dismiss Count I, plaintiff's tortious interference claim, which plaintiff stipulates is the only claim asserted against him. (Docs. 8, 14). Because the court has declined to exercise its discretion to resolve plaintiff's pendant state claims and has dismissed them without prejudice, Carter's motion is moot.