**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 9 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

KAREN FRANK,

    Plaintiff-Appellant,

v.

GARDEN MEDICAL CLINIC, P.A.,

    Defendant-Appellee.

No. 96-3067
(D.C. No. 94-CV-1003)
(D.Kan.)

ORDER AND JUDGMENT[*]

Before BRISCOE, McWILLIAMS, and LUCERO, Circuit Judges.

Karen Frank appeals from summary judgment entered in favor of Garden Medical Clinic on her state law retaliatory discharge claims. We affirm.

We review the grant of summary judgment de novo, applying the same legal standard used by the district court under Fed. R. Civ. P. 56(c). Summary judgment is appropriate if the pleadings, affidavits, and discovery material show there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. In applying this standard, we view the record and

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

inferences drawn therefrom in the light most favorable to the party opposing summary judgment. Kaul v. Stephan, 83 F.3d 1208, 1212 (10th Cir. 1996).

Frank, a registered nurse, was employed by the clinic in June 1990 when she assisted Dr. Meyers in treating a child. The child died the following day. Fearing a malpractice suit, Dr. Meyers asked Frank to prepare a statement about the incident. There was no evidence that anyone attempted to influence the content of the statement. Frank prepared a statement and gave it to the administrator of the clinic. Neither the statement nor evidence of its content is in the record on appeal. Frank was promoted to nurse supervisor in September 1990. Although she had been an excellent nurse, she was not an effective supervisor. There was evidence that she did not have the support of other nurses and she did not get along with the administrator.

A lawyer representing the deceased child's family sent a demand letter to the clinic in December 1991. Frank's written statement could not be found and Dr. Meyers asked her to prepare another statement. Again, there was no evidence that anyone tried to influence the content of the statement. Frank prepared and submitted a second statement on January 3, 1992. This second statement is not in the record and there is no evidence of its content. Four days after Frank submitted the statement, the clinic administrator advised her that she could either resign or be fired, but did not tell her why.

Frank first contends the district court erred in entering summary judgment, denying her claim that her discharge from her nurse's position at the clinic violated public policy of the State of Kansas which requires medical professionals to maintain patient records. See Kan. Admin. Regs. § 100-24-1(b). We disagree.

The record does not support Frank's claim because there is no evidence that her discharge was causally related to the loss or destruction of her first statement. Regulation 100-24-1(b) requires medical professionals to maintain patient records for ten years. Even if we assume Frank's original written statement is a patient record within the meaning of the regulation and that the clinic violated the regulation by losing it or, as Frank suggests, by destroying it, there is nothing in the record from which it could reasonably be inferred that her discharge violated the public policy of § 100-24-1(b). There was no evidence that she ever complained about or reported the loss of her first statement or stated an intent to report it to anyone inside or outside the clinic. Consequently, she could not have been fired in retaliation for reporting the loss of the statement. Cf. Larson v. Ruskowitz, 850 P.2d 253, 256-57 (Kan. 1993); Palmer v. Brown, 752 P.2d 685, 689-90 (Kan. 1988).

Under Kansas law, firing an employee for opposing illegal or unethical activity is actionable. Brown v. United Methodist Homes for the Aged, 815 P.2d 72, 81 (Kan. 1991); Morriss v. Coleman Co., 738 P.2d 841, 846 (Kan. 1987).

Firing an employee for opposing illegal falsification or destruction of medical records would be actionable as contrary to public policy. However, there was no evidence Frank was ordered, asked, or otherwise pressured to destroy or falsify any records or that she opposed any such order or suggestion. Frank's written statements are not in the record and there is no evidence that either statement was unfavorable to Dr. Meyers or the clinic. Frank herself testified that she did not believe her discharge had anything to do with her second statement.

Frank also suggests she was fired to discredit her as a witness and to make her less available as a witness by giving her a reason to carry out plans to leave the jurisdiction. However, discharge for either reason would not violate the policy of § 100-24-1(b), which is the only statute or regulation on which she specifically relies. The requirement that medical professionals keep patient records does not require them to retain employees with knowledge of patient treatment. Attempting to prevent a witness from testifying by inducing her to leave the jurisdiction might violate Kan. Stat. Ann. § 21-3682, which makes it unlawful to knowingly and maliciously prevent, dissuade, or attempt to prevent or dissuade any witness from attending or giving testimony at any civil or criminal trial, proceeding, or inquiry. Although a discharge for that reason may be actionable under Kansas law, see Palmer, 752 P. 2d at 689, the record does not support the theory that Frank was discharged to prevent her from testifying.

-4-

Frank points to an incident that occurred in December 1990 when Dr. Meyers' attorney came to the office to discuss the impending malpractice action. Frank overheard Dr. Meyers say to the attorney, "[Y]es, it was Karen Frank and she is here, I'll go get her. I believe she's working today." Appendix D at 129. Dr. Meyers then came out of the room and walked past Frank without speaking to her. Although Frank had not heard what the attorney said to Dr. Meyers in response to his offer to "go get" Frank, she inferred that Dr. Meyers was trying to prevent his attorney from talking with her. This inference is mere speculation. There is no evidence in the record that anyone had any reason to believe Frank's testimony would be unfavorable to Dr. Meyers. In the absence of any evidence that Frank would be a damaging witness against Dr. Meyers, it cannot reasonably be inferred that the clinic fired her to prevent her from testifying. There is also no basis for an inference that the clinic fired Frank to discredit her as a witness. This theory is inconsistent with the uncontroverted evidence that the clinic administrator offered Frank the choice of resigning. Doctors at the clinic, including Dr. Meyers, wrote favorable letters of recommendation for Frank.

Frank also contends the district court erred in entering summary judgment, denying her state law claim that she was fired in retaliation for her role in reporting sexual harassment by one of the doctors at the clinic. We disagree. To establish a retaliatory discharge claim under Kansas law, a plaintiff must show

there are no alternative remedies under state or federal law.  A state law retaliatory discharge action cannot be based on conduct for which adequate statutory remedies exist, such as Title VII or other civil rights statutes.  See Polson v. Davis, 895 F.2d 705, 709-10 (10th Cir. 1990); Anglemyer v. Hamilton County Hosp., 848 F. Supp. 938, 942 (D. Kan. 1994).

Title VII provides remedies for discrimination by an employer against an employee who has opposed unlawful discrimination under Title VII. See, 42 U.S.C. §§ 2000e-3, 2000e-5.  Unlawful discrimination under Title VII includes sexual harassment.  See Harris v. Forklift Systems, 510 U.S. 17 (1993).  Because there are remedies under Title VII for the conduct alleged by Frank, she cannot bring a state law retaliatory discharge action.

AFFIRMED.

Entered for the Court

Mary Beck Briscoe
Circuit Judge