48 F.3d 1233
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Howard Ray SMITH, Plaintiff-Appellant,
v.
John WALSH, Sheriff, Cleveland County, Oklahoma; Cliff
Winkler; Kevin Austin; the Board of County
Commissioners of Cleveland County,
Oklahoma, Defendants-Appellees,
and
Michael J. Followwill; John's Trucking, Inc., an Oklahoma
corporation, Defendants.
 No. 93-6361.
 United States Court of Appeals, Tenth Circuit.
 Feb. 23, 1995.
 ORDER AND JUDGMENT[1]
 
 1
 Before KELLY and SETH, Circuit Judges, and KANE,** District Judge.
 
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed.R.App.P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 3
 Plaintiff Howard Ray Smith appeals from the grant of summary judgment on the basis of qualified immunity in favor of defendants John Walsh, Cliff Winkler, Kevin Austin, and the Board of County Commissioners of Cleveland County, Oklahoma, in this suit filed under 42 U.S.C.1983. We have jurisdiction under 28 U.S.C. 1291, and affirm.
 
 
 4
 Smith alleges that he was unlawfully arrested and that a trailer belonging to him was unlawfully seized by defendants Winkler and Austin, both sheriff's deputies, pursuant to the sheriff's policy. Smith was buying the trailer on contract from defendant Michael J. Followwill, president of John's Trucking.[2] Followwill retained the title, and Smith's name did not appear on it. Following a dispute at John's with Followwill over insurance for the trailer, Smith drove his truck and the trailer to a locked equipment lot owned by Dan Hopson, and parked them there with Hopson's permission. Followwill reported the trailer stolen by Smith. The trailer was located, and deputies Austin and Winkler met Followwill at a parking lot adjacent to Hopson's lot. Based on a stolen property report, Followwill's reassertion at the scene that the trailer was stolen, and the title he showed the officers, the deputies decided to enter Hopson's lot, detach the trailer from Smith's truck, and seize the trailer. Smith arrived, and due to his aggressiveness and apparent intoxication, was searched and detained briefly in the officers' vehicle. He then showed them the purchase contract. The officers ordered Smith to leave, entered Hopson's lot, and seized the trailer.
 
 
 5
 We review the grant of summary judgment de novo to determine whether there is a genuine issue as to any material fact and whether the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). The evidence must be viewed in the light most favorable to the nonmoving party. Frandsen v. Westinghouse Corp., No. 93-4154, 1995 WL 25946, at * 1 (10th Cir. Jan. 23, 1995). Defendants have asserted the defense of qualified immunity. "[G]overnment officials performing discretionary functions, generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). Thus, the threshold question on summary judgment centers on what the applicable law is, whether that law was clearly established at the time of the challenged conduct, and whether there is a genuine factual dispute that the law was violated. We review de novo the district court's determination that qualified immunity should apply. Dixon v. Richer, 922 F.2d 1456, 1460 (10th Cir.1991).
 
 
 6
 Smith argues his trailer was unlawfully seized because he produced the purchase contract for the deputies and they therefore "knew" the trailer was not stolen. Based on all the facts known to the officers at the time, however, we hold they had probable cause to believe the trailer was stolen.
 
 
 7
 [P]robable cause is a flexible, common-sense standard. It merely requires that the facts available to the officer would "warrant a man of reasonable caution in the belief" ... that certain items may be ... stolen property ...; it does not demand any showing that such belief be correct or more likely true than false. A "practical, nontechnical" probability that incriminating evidence is involved is all that is required.
 
 
 8
 Texas v. Brown, 460 U.S. 730, 742 (1983) (citations omitted). Here, it is undisputed that the trailer had been reported stolen, the officers had a stolen property report, and that, at Hopson's lot, Followwill reasserted to the deputies that the trailer was stolen and showed them a facially valid title. That Smith showed the deputies a purchase contract does not alter our conclusion that they had enough facts to reasonably believe the trailer was stolen.
 
 
 9
 Smith argues that even if the officers had probable cause for the seizure, they still must meet an exception to the warrant requirement to justify a warrantless seizure. Smith argues they cannot meet the plain view exception because, even though it is undisputed that the officers could see the trailer from outside Hopson's lot, it is disputed whether they had consent to enter Hopson's lot. See Minnesota v. Dickerson, 113 S.Ct. 2130, 2136-37 (1993). Smith, however, does not have standing to challenge the deputies' entry onto Hopson's equipment lot, which, as far as this record reveals, Smith did not own, possess, or control. See Rakas v. Illinois, 439 U.S. 128, 148-49 (1978). "Fourth Amendment rights are personal rights which ... may not be vicariously asserted." Id. at 133-34 (quotation and citation omitted). Therefore, whether Hopson gave consent to the deputies' entry onto the lot is immaterial for summary judgment purposes; Smith's Fourth Amendment rights were not infringed by the entry. See id.
 
 
 10
 Smith argues he was unlawfully arrested when the deputies searched him and detained him in their vehicle. Based on the facts known to the officers at the time, however, we hold that the search and detention were objectively reasonable, "justified at [their] inception, and ... reasonably related in scope to the circumstances which justified the interference in the first place." Terry v. Ohio, 392 U.S. 1, 20 (1968). Smith's Fourth Amendment rights were not violated.
 
 
 11
 Therefore, there is no genuine factual dispute whether the deputies violated clearly established law, and the district court did not err in granting summary judgment on the basis of qualified immunity. It is unnecessary for us to decide Smith's other issues.
 
 
 12
 The judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 **
 Honorable John L. Kane, Jr., Senior District Judge, United States District Court for the District of Colorado, sitting by designation
 
 
 [2]
 The motion for summary judgment filed by Followwill and John's Trucking was decided in favor of those defendants. The resulting appeal, No.93-6412, was voluntarily dismissed by stipulation of the parties