51 F.3d 286
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Mark William SCHMANKE, Plaintiff-Appellant,
v.
U.S. BUREAU OF PRISONS; FEDERAL CORRECTIONAL INSTITUTION
FCI, ENGLEWOOD, Defendants,
Anthony BELASKI, Warden; Jonathan MAY, Paralegal; R & D
Officer; Officer GIRVAN, Unit Officer; Officer
KUTA, Correctional, Defendants-Appellees.
 No. 94-1128.
 United States Court of Appeals, Tenth Circuit.
 March 21, 1995.
 
 ORDER AND JUDGMENT[1]
 Before ANDERSON, BALDOCK, and BRORBY, Circuit Judges.[2]
 
 
 1
 Plaintiff Mark William Schmanke appeals from the grant of summary judgment on the basis of qualified immunity in favor of the individual defendants[3] in this suit filed pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). We have jurisdiction under 28 U.S.C. 1291, and affirm.
 
 
 2
 This dispute arises out of the storage of legal materials in excess of the amount permitted to be stored in a prison cell. Plaintiff Mark William Schmanke, a federal inmate at the time of the events complained about here, amassed eight boxes of legal books and papers as he pursued, pro se, three court actions. When plaintiff was transferred to F.C.I. Englewood in September 1991, prison officials informed him that, for housekeeping reasons, he would not be allowed to keep more than two boxes of legal materials in his cell. He was given the option of having his excess materials stored in an off-site prison warehouse or mailed to a location of his choice. Prison officials told plaintiff that, if he would sign a blanket waiver of liability for the storage of his materials in the prison warehouse, they would trade a box in the warehouse for a box in his cell on a week's notice. Plaintiff refused to sign the waiver, however, and defendants mailed his materials out of the prison instead. Plaintiff asserts that his resulting lack of access to these legal materials from September 1991 to May 1992 constituted a denial of his constitutional right of access to the courts.
 
 
 3
 We review the grant of summary judgment de novo to determine whether there is a genuine issue as to any material fact and whether the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). The evidence must be viewed in the light most favorable to the nonmoving party. Frandsen v. Westinghouse Corp., No. 93-4154, 1995 WL 25946, at * 1 (10th Cir. Jan. 23, 1995). Defendants have asserted the defense of qualified immunity. "[G]overnment officials performing discretionary functions[ ] generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). Therefore, the two-part threshold question on summary judgment here centers on whether the plaintiff has sufficiently asserted the violation of a constitutional right and whether that right was clearly established at the time of the challenged conduct. Romero v. Fay, 45 F.3d 1472, 1475 (10th Cir.1995) (explaining Siegert v. Gilley, 500 U.S. 226, 231-33 (1991)). If plaintiff clears this purely legal double hurdle, the court then determines whether there is a genuine factual dispute that defendants violated plaintiff's clearly established constitutional right. Id. We review de novo the district court's determination that qualified immunity should apply. See Dixon v. Richer, 922 F.2d 1456, 1460 (10th Cir.1991).
 
 
 4
 An inmate has a constitutional right to "adequate, effective, and meaningful" access to the courts. Bounds v. Smith, 430 U.S. 817, 822 (1977). Assuming without deciding that plaintiff's allegations may rise to the level of a violation of that right, we go directly to the second step of the qualified immunity analysis. There, plaintiff's Bivens claim fails because it was not clearly established between September 1991 and May 1992 that an inmate's right of access to the courts was implicated by denial of access to his or her legal papers. Therefore, defendants were entitled to summary judgment on the basis of qualified immunity.
 
 
 5
 The judgment of the United States District Court for the District of Colorado is AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument
 
 
 [3]
 The institutional defendants were dismissed prior to the district court's order on the individual defendants' motion for summary judgment. Since plaintiff appealed from the grant of summary judgment only, the institutional defendants are not parties to this appeal