**James E. STEWART, Plaintiff,**

v.

**The UNITED STATES of America, the United States Department of Justice, Immigration and Naturalization Service; and Internal Revenue Service, Defendants.**

**No. Civ–96–1636–L.**

United States District Court,
W.D. Oklahoma.

June 6, 1997.

James E Stewart, Edmond, OK, pro se.

Robert A. Bradford, Oklahoma City, OK, for defendants.

### *ORDER*

LEONARD, District Judge.

Plaintiff, James E. Stewart, filed this action for damages against the United States of America, the Immigration and Naturalization Service ("INS") and the Internal Revenue Service ("IRS").[1] This is the fourth action

---

**1.** The complaint also contains allegations against    individual INS officers. *See* Complaint at 2–4.

by plaintiff or his company in 13 years, all of which arise out of the same operative facts. On October 19, 1984, plaintiff's company filed an action against the INS and various INS officials for alleged violations of the first and fifth amendments to the United States Constitution. *Twashakarris, Inc. v. Immigration and Naturalization Service,* Case No. CIV–84–2581–E (W.D.Okla. Oct. 19, 1984) ("the 1984 action"). The 1984 action was dismissed by the court *sua sponte* on the ground that plaintiff could not represent his company. The Court of Appeals for the Tenth Circuit upheld this dismissal on March 13, 1986. *See* Defendants' Exhibit C. On February 19, 1987, plaintiff and his company filed a second action against the United States and the same individual defendants. *Twashakarris, Inc. v. United States,* Case No. CIV–87–362–T (W.D.Okla. Feb. 19, 1987) ("the second action"). On January 30, 1989, the Honorable Ralph G. Thompson entered an order dismissing the pre–1984 claims on the ground that such claims were barred by the statute of limitations. *See* Defendants' Exhibit E. In this Order, the court directed plaintiffs to amend their complaint to delete the dismissed claims. On March 29, 1989, the court dismissed the complaint with prejudice due to plaintiffs' failure to amend the complaint as directed. *See* Defendants' Exhibit F. This ruling was affirmed by the Court of Appeals on November 22, 1989. *Twashakarris, Inc. v. United States,* 890 F.2d 236 (10th Cir.1989). On May 9, 1994, plaintiff filed a third complaint in this court. *Stewart v. United States,* Case No. CIV–94–675–W (W.D.Okla. May 9, 1994) ("the third action"). In the third action, plaintiff and his company sued the United States, the United States Department of Justice, the INS, and the IRS. Like the first two actions, the third action alleged that actions of INS agents in 1982 caused the closure of plaintiff's business. As an additional allegation, the third action alleged that as a result of the INS actions, plaintiff reported on his personal income tax returns the losses incurred by the business after the closure. These deductions were then disallowed by the IRS and the United States Tax Court upheld the IRS position on April 8, 1992. The Court of Appeals for the Tenth Circuit affirmed the Tax Court's decision on February 23, 1993. Plaintiff filed the current action on September 24, 1996. In this complaint, plaintiff alleges that defendants illegally closed his business and impaired his access to new students, which was his only source of revenue. He claims that the three prior judgments dismissing his claims and upholding the IRS determination are void due to violations of due process and extrinsic fraud on the court.

This matter is before the court on cross-motions for summary judgment and cross motions for sanctions. Summary judgment is appropriate if the pleadings, affidavits, and depositions "show that there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). Any doubt as to the existence of a genuine issue of material fact must be resolved against the party seeking summary judgment. In addition, the inferences drawn from the facts presented must be construed in the light most favorable to the nonmoving party. *Board of Education v. Pico,* 457 U.S. 853, 863, 102 S.Ct. 2799, 73 L.Ed.2d 435 (1982). Nonetheless, a party opposing a motion for summary judgment may not simply allege that there are disputed issues of fact; rather, the party "must set forth *specific* facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e) (emphasis added). *See also, Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). "[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson,* 477 U.S. at 249–50 (citations omitted). In addition, "the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient

However, neither the case caption nor the praecipe for summons reflect that the complaint is asserted against any individual defendants. The court therefore does not construe this action as

asserting a claim against any individual defendant pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).

to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

 Based on this standard, the court finds that defendants are entitled to judgment in their favor. The doctrine of res judicata bars plaintiff's most recent attempt to litigate the claims at issue.

> Res judicata generally applies when there is a final judgment on the merits which precludes the parties or their privies from relitigating the issues that were decided or issues that could have been raised in the earlier action. A claim is barred by res judicata when the prior action involved identical claims and the same parties or their privies.

*Frandsen v. Westinghouse Corp.,* 46 F.3d 975, 978 (10th Cir.1995). All of the claims asserted in the present action either were raised or could have been raised in the three prior actions. In response to defendants' motion, plaintiff offers nothing more than conclusory allegations of extrinsic fraud. Such allegations, however, are insufficient to preclude granting summary judgment in defendants' favor. "Conclusory allegations that are unsubstantiated do not create an issue of fact and are insufficient to oppose summary judgment...." *Elsken v. Network Multi-Family Security Corp.,* 49 F.3d 1470, 1476 (10th Cir.1995).

The parties have also filed cross-motions for sanctions pursuant to Fed.R.Civ.P. 11. The court finds that sanctions pursuant to Rule 11 are not warranted at this time. Therefore, the cross-motions are denied. The court, however, is concerned over what appears to be plaintiff's continuing abuse of the judicial system. The court therefore imposes filing restrictions on plaintiff. Upon receipt of a complaint filed by plaintiff, the Clerk of the Court is instructed to refer the complaint to a Magistrate Judge for review. If the Magistrate Judge determines that the complaint is lacking in merit, duplicative or frivolous, the complaint shall be transmitted to the Chief Judge for further review. Only with consent of the Chief Judge will plaintiff be permitted to file a complaint in this court.

In sum, Defendants' Motion for Summary Judgment (Docket No. 7) is GRANTED. Plaintiff's Cross–Motion for Summary Judgment (Docket No. 10) is DENIED. Defendants' Motion for Sanctions (Docket No. 9) is DENIED. Plaintiff's Cross–Motion to Sanction Defendants (Docket No. 11) and Re–Assertion of Motion for Sanctions (Docket No. 18) are DENIED. The Clerk of the Court is directed to send any complaint filed by plaintiff in the future to a Magistrate Judge for review in accordance with this Order. Judgment will issue accordingly.