**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 3 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JAMES E. STEWART,

      Plaintiff-Appellant,

v.

UNITED STATES OF AMERICA;
IMMIGRATION & NATURALIZATION,
sued as U.S. Department of Justice;
INTERNAL REVENUE SERVICE,

      Defendants-Appellees.

No. 97-6283
(D.C. No. 96-CV-1636)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **SEYMOUR, BRORBY,** and **BRISCOE**, Circuit Judges.

      After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore
ordered submitted without oral argument.

---

     [*] This order and judgment is not binding precedent except under the
doctrines of law of the case, *res judicata* and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Mr. Stewart is a pro se litigator. Pursuant to Fed. R. App. P. 4(b), he appeals from an order granting defendants' motion for summary judgment and placing restrictions upon his filing of future. We affirm the judgment of the district court.

This is the fourth action by plaintiff or his company, all of which arise out of the same operative facts. The district court accurately set forth the history of Mr. Stewart's prior litigation in its order granting summary judgment.

In response to defendants' motion for summary judgment, the district court determined the doctrine of *res judicata* bars the present action by Mr. Stewart. The district court further expressed its concern over Mr. Stewart's "continuing abuse of the judicial system" and imposed future filing restrictions upon Mr. Stewart.

Mr. Stewart appeals the judgment of the district court framing the issues as follows:

1. "Is district court authorized to grant summary judgment to a movant and respondent to a Rule 56 cross motion who does not meet the standard set forth in

Rule 56 as interpreted by the Supreme Court and by the Tenth Circuit, as well as others?"

2.  "Is district court authorized to grant motion for summary judgment against a collateral attack upon void judgments as being a *res judicata* bar while disregarding all relevant law and fact to the contrary?"

3.  "Is preclusion justified under Rule 11 when a party has been unjustly denied the right to trial by jury?"

4.  "May the district court ignore evidence and law as to the tax liability of an Oklahoma taxpayer and allow the deductions to an Oklahoma corporation which is under suspension?"

We review the district court's grant of summary judgment *de novo*, applying the same legal standard as the district court under Fed. R. Civ. P. 56(c) *Frandsen v. Westinghouse Corp.*, 46 F.3d 975, 977 (10th Cir. 1995). We also review *de novo* a district court's conclusions of law as to the applicability of *res judicata*. *Id*.

Mr. Stewart chooses to ignore the controlling law. Quite simply, the law states once a final judgment is entered, the parties are precluded from relitigating the issues that were decided or the issues that could have been raised in the earlier action. *Id.* at 978. In short, all litigation must eventually come to an end. A party is not entitled to relitigate a matter until the desired result is achieved. The lawful end of the present litigation occurred some years past. Accordingly, the order of the district court granting defendants' motion for summary judgment is **AFFIRMED**.

After granting the defendant's motion for summary judgment, the district court entered an order imposing filing restrictions on Mr. Stewart. The order requires the clerk of the court to refer Mr. Stewart's future complaints, if any, to a magistrate judge for review. If the magistrate judge determines the complaint is without merit, duplicative or frivolous, the complaint will be transferred to the chief judge of the district court for further review. Only with the consent of the chief judge may Mr. Stewart file the complaint.

A litigant has no absolute or unconditional right of access to the courts, particularly with regard to frivolous or vexatious actions. *See Tripati v. Beaman*, 878 F.2d 351, 352 (10th Cir. 1989). In *Tripati,* this court held a district court

-4-

may place appropriate restrictions on litigants with a history of abusive or frivolous filings. *Id*. at 352-53. Before imposing restrictions on a litigant, the district court must set forth the litigant's history of abusive filing activities, provide some guidance as to what the litigant must do to obtain the court's permission to file an action, and give the litigant notice and opportunity to respond. *Id.* at 353-54. In this case, the district court detailed Mr. Stewart's litigation history and detailed the review procedure Mr. Stewart must follow to file future actions. Since the district court imposed these restrictions in the context of cross-motions for sanctions pursuant to Fed. R. Civ. Pro. 11, the notice and opportunity requirement was satisfied. *See Tripati*, 878 F.2d at 354 (in-person district court hearing not required). We **AFFIRM** the district court's imposition of future filing restrictions on Mr. Stewart.

The written order of the district court is thorough, well written, clear, and accurate. The order is fully supported by the record on appeal. This judgment of the district court is **AFFIRMED** for substantially the same reasons set forth therein. A copy of the district court's order is attached hereto.

The mandate shall issue forthwith.

**Entered for the Court**


**WADE BRORBY**
United States Circuit Judge

Attachment not available electronically.