**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 21 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

NASRULLA KHAN,

        Plaintiff-Appellant,

v.

SCOTT THORLEY; JANET RENO;
RICHARD M. ROGERS; JO ANN
FARRINGTON; JOHN DOE FBI
EMPLOYEES; JAMES G. HANSEN;
WEBER COUNTY; MARK
DECARIA; JOE RITCHIE; BRUCE
ANDERSON;GLEN BURTON;  JAN
GRAHAM; DAN DAVIS; LARRY
CHATTERTON; and THE UNITED
STATES OF AMERICA for Federal
Tort Claims Act claim only,

        Defendants-Appellees.

No. 00-4153

(D. Utah)

(D.C. No. 99-C-146-B)

---

**ORDER AND JUDGMENT** [*]

---

Before **HENRY** , **BRISCOE** , and **MURPHY** , Circuit Judges.

After examining the briefs and the appellate record, this panel has

---

[*]  This order and judgment is not binding precedent, except under the doctrines of res judicata, collateral estoppel, and law of the case.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

determined unanimously that oral argument would not materially assist the determination of this appeal. <u>See</u> Fed. R. App. P. 34(a)(2). The case is therefore ordered submitted without oral argument.

Nasrulla Khan, proceeding pro se, filed this action against the United States of America and several of its officials, including Assistant United States Attorney Scott Thorsley; former Attorney General Janet Reno; Richard Rogers, Acting Counsel in the Office of Professional Responsibility of the United States Department of Justice; Jo Ann Farrington, Deputy Chief in the Public Integrity Section of the Criminal Division of the United States Department of Justice; unnamed agents of the Federal Bureau of Investigation; and James Hansen, a United States Congressman from Utah. Mr. Khan alleged that, from 1995 through 1998, these officials failed to respond to his requests for an investigation and "wrote false or fraudulent reports; committed fraud; conspired against [him]; covered up crimes, material facts and evidence; covered up deprivations of [his] civil and constitutional rights; [and] obstructed justice." Rec. vol. I, doc. 2, at 7 (First Amended Complaint, filed Apr. 12, 2000).

According to Mr. Khan, beginning in May 1994, he "has been a victim of repeated crimes of phone harassment (intrastate and interstate) and stalking." <u>Id.</u> at 5. After local law enforcement officials failed to effectively respond to his complaints, he notified federal officials, beginning with the United States

Attorney's office in Salt Lake City, Utah. He maintains that these officials also did not respond and that they proceeded to obstruct justice and make certain misrepresentations about his allegations and requests for action. Mr. Khan's First Amended Complaint asserts: (1) claims for damages pursuant to Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics, 403 U.S. 388 (1971), alleging a conspiracy to violate his right to substantive due process; (2) a claim against the United States under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 2671-2680, 1346; and (3) state law claims for intentional infliction of emotional distress.

The district court dismissed the claims with prejudice for two reasons. First, the court noted, Mr. Khan had previously filed a similar action in the same court. The court explained that the prior case, Khan v. Ogden City Corp., 1:98-C-133, involved almost identical allegations. It added that "most if not all of the defendants named in the current amended complaint have been dismissed with prejudice from plaintiff's prior case." See Rec. vol. I, doc. 14, at 3 (district court order filed July 31, 2000).[1] Second, the court concluded that Mr. Khan had failed to state a claim upon which relief could be granted. The court subsequently

---

[1] In its order denying Mr. Khan's post-judgment motion, the district court explained that, in light of the filing of the first case, the instant case should be dismissed on the grounds of res judicata and collateral estoppel. See Rec. vol. I, doc. 36 (Memorandum Opinion, filed May 14, 2001).

3

denied Mr. Khan's post-judgment motion seeking reconsideration of that ruling.

We engage in de novo review of the district court's dismissal of Mr. Khan's complaint on the basis of collateral estoppel and res judicata. Matosantos Comm'l Corp. v. Applebee's Int'l, Inc., 245 F.3d 1203, 1207 (10th Cir. 2001) (collateral estoppel); Frandsen v. Westinghouse Corp., 46 F.3d 975, 977 (10th Cir. 1995) (res judicata). Upon review of the record, we conclude that dismissal was warranted under the doctrine of collateral estoppel.

Under that doctrine, "[w]hen an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit." Ashe v. Swenson, 397 U.S. 436, 443 (1970). In the Tenth Circuit, application of collateral estoppel requires our determination that: "(1) the issue previously decided is identical with the one presented in the action in question, (2) the prior action has been finally adjudicated on the merits, (3) the party against whom the doctrine is invoked was a party, or in privity with a party, to the prior adjudication, and (4) the party against whom the doctrine is raised had a full and fair opportunity to litigate the issue in the prior action." Dodge v. Cotter Corp., 203 F.3d 1190, 1197 (10th Cir. 2000).

4

Mr. Khan maintains that the doctrine is inapplicable because the instant case was filed against several individuals who were not parties to the prior case and because some of the claims were asserted against parties in different capacities (i.e., official capacity claims in the first case and individual capacity claims in the second one). In our view, those distinctions do not bar application of collateral estoppel here. See Allen v. McCurry, 449 U.S. 90, 94 (1980) ("Under collateral estoppel, once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case.") (emphasis added); Mantosantos, 245 F.3d at 1208 ("That [the plaintiff] has asserted additional claims in [the new case] is of no importance if the new claims are based on the underlying issue already decided in the [prior case]."). The record in the instant case contains documents from the prior case. Those documents reveal, as the district court concluded, that the prior case involved the same allegations of failure to respond to complaints about local law enforcement that Mr. Khan raises in this case.

Because all of the elements necessary to apply the doctrine are present, we therefore conclude that collateral estoppel bars Mr. Khan's claims. [2] Accordingly, we AFFIRM the district court's dismissal of his complaint.

Entered for the Court,

Robert H. Henry
Circuit Judge

---

[2] The fact that Mr. Khan's first case has apparently not yet been resolved on appeal does not render collateral estoppel inapplicable. "Under the federal view, the pendency of an appeal does not prevent application of the collateral estoppel doctrine unless the appeal involves a full trial de novo." Ruyle v Continental Oil Co., 44 F.3d 837, 846 (10th Cir. 1994) (citing 18 C. Wright, A. Miller & E. Cooper, Federal Practice & Procedure, § 4433, at 308 (1981); 1B J. Moore, J. Lucas & T. Currier, Moore's Federal Practice, ¶ 0.416[3.-2], at III-322 to III-323 (2d ed. 1993)).