**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 6 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

NASRULLA KHAN,

      Plaintiff-Appellant,

v.

DAVID H. LUCAS; R.L. LYTHGOE;
MICHAEL JUNK; OGDEN CITY
CORPORATION; NORMAN
ASHTON; MARK DECARIA; JAN
GRAHAM; DAN DAVIS; LARRY
CHATTERTON; SCOTT THORLEY;
WEBER COUNTY;
U.S. ATTORNEY; STATE OF UTAH;
UNITED STATES OF AMERICA;
FEDERAL BUREAU OF
INVESTIGATION, Utah District,

      Defendants-Appellees.

No. 01-4039
(D.C. No. 98-CV-133-ST)
(D. Utah)

---

**ORDER AND JUDGMENT**   *

---

Before **LUCERO** , **PORFILIO** , and **ANDERSON** , Circuit Judges.

---

\*      This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Appellant Nasrulla Khan, appearing pro se, challenges district court rulings dismissing his civil rights claims against the county and state defendants, and granting summary judgment on his civil rights claims in favor of the city defendants. [1] We exercise jurisdiction under 28 U.S.C. § 1291 and affirm.

## I. Background

For purposes of reviewing the district court's decision on the motions to dismiss, we accept all of Mr. Khan's well-pleaded allegations as true. *See Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999). In reviewing the grant of summary judgment, we view the evidence and reasonable inferences drawn from the evidence in the light most favorable to Mr. Khan. *See Simms v. Okla. ex rel. Dep't of Mental Health & Substance Abuse Servs.*, 165 F.3d 1321, 1326 (10th Cir. 1999). The facts are set forth below in accordance with these principles.

---

[1] Mr. Khan has declined to pursue his claims against any of the federal defendants on appeal.

Mr. Khan complained to Ogden City police that he was receiving repeated harassing phone calls, that he was being stalked, and that on at least one occasion another automobile had forced him off the road. The police did not investigate these complaints to Mr. Khan's satisfaction. Mr. Khan further alleges, among other things, that police officers made false statements and omissions in their reports of his complaints, and that the police entered his apartment without his consent when he was not home to search for "bugs" on his telephone line.

Mr. Khan lodged complaints with officials at the county, state, and federal level about the conduct of the city officials. None of these efforts resulted in a response acceptable to Mr. Khan. On November 24, 1998, Mr. Khan filed this action in the United States District Court for the District of Utah, naming as defendants the various officials he had approached. In his complaint, Mr. Khan sets forth numerous causes of action revolving around the failure of the city officials to investigate the crimes against him and the subsequent failure of the county, state, and federal officials to address the alleged violations by city officials. Mr. Khan contends that all of the defendants conspired to violate his constitutional rights.

The county and state defendants moved to dismiss, and the district court granted their motion. Next, the city defendants moved for summary judgment on all claims, and the district court granted this motion as well.

## II. Discussion

### A.    *The county defendants*

"The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."  *Sutton*, 173 F.3d at 1236 (quotation marks omitted).  The legal sufficiency of a complaint is a question of law that we review de novo.    *See id.*

Here, the core of Mr. Khan's allegations against the county is that Mr. Khan requested the County Attorney, Mark DeCaria, take some corrective action in light of the alleged rights violations by the city defendants, and that Mr. DeCaria failed to do so.  In granting the motion to dismiss, the district court, citing *Wilson v. Meeks*, 52 F.3d 1547, 1557 (10th Cir. 1995), reasoned that Mr. Khan failed to state a claim because he provided no authority establishing a federal  right to have his complaints investigated.  Further, the district court concluded that, to the extent Mr. DeCaria's prosecutorial decisions were impugned, he was protected by absolute prosecutorial immunity, citing *Imbler v. Pachtman*, 424 U.S. 409 (1976).[2]

---

[2]    Mr. Khan argues that any immunity is defeated by false statements made by Mr. DeCaria.  We need not address this argument because Mr. Khan has failed to allege facts demonstrating false statements by Mr. DeCaria.

-4-

On appeal, Mr. Khan argues that whether a federal right to an investigation exists is irrelevant, because he did not ask Mr. DeCaria to undertake any investigation on his behalf. He argues that he did not assert failure to investigate as a cause of action, but merely as a fact supporting an overarching claim of civil rights violation. [3] This admission does not strengthen Mr. Khan's position because he fails to identify any other action that Mr. DeCaria was obligated to take on Mr. Khan's behalf. We need not address the issue of prosecutorial immunity because we conclude that Mr. Khan has failed to allege any set of facts that could result in liability for Mr. DeCaria or the county for violation of a federal right.

## B.    *The state defendants*

With respect to the state defendants, the district court concluded that Mr. Khan had sued the named individuals in their official capacity and that their actions were therefore protected by Eleventh Amendment immunity. Mr. Khan argues the official nature of these individuals' actions does not mandate the conclusion that they were sued in their official capacities.

We are free to affirm the district court on any basis supported by the record. *See United States v. Sandoval*, 29 F.3d 537, 542 n.6 (10th Cir. 1994).

---

[3]    This argument misses the point that Mr. Khan's factual allegations must ultimately resolve into a theory of liability implicating particular defendants for particular actions resulting in violation of an identified constitutional right.

Even if we were to accept that Mr. Khan sued the state defendants in their individual capacities, they would still be entitled to qualified immunity. Qualified immunity shields government officials performing discretionary functions from individual liability under 42 U.S.C. § 1983 unless their conduct violates "clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). As a threshold inquiry, this court must first determine whether the facts alleged, taken in the light most favorable to the nonmoving party, show that the defendants' conduct violated a constitutional right. *See Saucier v. Katz*, 121 S. Ct. 2151, 2156 (2001). Again, as with the county defendants, Mr. Khan at most alleges that the state defendants failed to remedy the alleged violations of the city defendants, and points to no duty of the state defendants to do so. Thus, his allegations do not support the conclusion that the state defendants violated any constitutional right.

## C. *The city defendants*

We review the district court's grant of summary judgment de novo, applying the same standard as the district court: summary judgment is appropriate if there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Simms*, 165 F.3d at 1326.

Here, the district court concluded that Mr. Khan's equal protection claims against the city defendants failed in light of the absence of any allegation or

evidence that Mr. Khan was treated differently than other, similarly situated individuals, or that animus played a part in the treatment of his complaints. The district court further concluded that Mr. Khan's substantive due process claims failed because he had provided no evidence (1) of a special relationship between the city defendants and himself, (2) that defendants created a danger or increased Mr. Khan's vulnerability in any way, [4] or (3) of conduct that shocks the conscience. [5] Regarding Mr. Khan's intentional tort claims, the court concluded that he at best alleged intentional infliction of emotional distress and that there was no evidence of outrageous and intolerable conduct supporting that claim. We conclude that the district court's reasoning on these points is sound.

---

[4] Mr. Khan argues that he was not relying on theories of special relationship or danger creation. Mr. Khan fails to recognize that, by alleging that the police failed to prevent third parties from harassing and stalking him, he is required to proceed under one of these theories to prove that the city defendants owed him any duty at all. *See Radecki v. Barela*, 146 F.3d 1227, 1230 (10th Cir. 1998).

[5] It should be noted that while Mr. Khan repeatedly asserts that the defendants committed "many conscience-shocking acts," he does not recite any acts that meet that standard. His most serious allegation is that the police officers made false statements in their reports and covered up evidence of the crimes against Mr. Khan. These allegations are not backed by evidence. At most, Mr. Khan has shown that police officers failed to make a verbatim record of his statements in their reports. Contrary to Mr. Khan's contentions, this does not imply that those reports are false, that they conceal evidence, or even that they are inaccurate. This merely reveals that the police differed in their opinion of the significance of the evidence provided by Mr. Khan and whether it warranted further investigation.

Regarding Mr. Khan's Fourth Amendment claim, the district court concluded that Mr. Khan had failed to provide sufficient evidence to allow a reasonable jury to find that Ogden City police officers had illegally entered his apartment. "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue that party must go beyond the pleadings and designate specific facts so as to make a showing sufficient to establish the existence of an element essential to that party's case in order to survive summary judgment." *McKnight v. Kimberly Clark Corp.*, 149 F.3d 1125, 1128 (10th Cir. 1998) (quotation marks omitted).

Here, the only evidence on this point is Mr. Khan's assertion that a detective told him that police officers went "into" his apartment to search for "bugs" on his telephone line. The detective asserts he told Mr. Khan that a police officer went "to" his apartment and visually inspected the telephone line from the outside. Mr. Khan admitted in his deposition testimony that he had no personal knowledge of officers entering his apartment unauthorized. He does not claim, for instance, that his belongings were out of order, nor does he point to evidence suggesting how the officers would have gained access to the apartment or even what day they were supposedly there.

Thus, even viewing the evidence in the light most favorable to Mr. Khan, these conflicting assertions at best create a fact issue as to whether or not the

detective stated to Mr. Khan that police went "into," rather than merely "to," Mr. Khan's apartment. Such a statement would not constitute a Fourth Amendment violation. In the absence of any evidence or allegation that the police actually did enter Mr. Khan's apartment, the detective's alleged statement alone does not create a genuine issue of material fact sufficient to defeat summary judgment on this claim.

**D.      Conspiracy claim**

Mr. Khan makes an overarching allegation of a conspiracy among the various defendants to deprive him of his rights. To prove such a conspiracy, a plaintiff must show a meeting of the minds among various defendants to violate his constitutional rights. *See Tonkovich v. Kan. Bd. of Regents*, 159 F.3d 504, 533 (10th Cir. 1998) (a plaintiff must allege specific facts showing an agreement and concerted action amongst the defendants; conclusory allegations of conspiracy are insufficient). Here, there is no allegation or evidence, circumstantial or otherwise, indicating that there was any agreement among the various defendants.

**E.      Motion to amend complaint**

Mr. Khan alleges it was error for the district court to deny his motion to amend his complaint on grounds of futility. We review the district court's denial of a motion to amend a complaint for abuse of discretion, *see Ramirez v.*

*Okla. Dep't of Mental Health*, 41 F.3d 584, 596 n.9 (10th Cir. 1994), and find no abuse of discretion here.

**F.**     ***Access to the courts***

Finally, Mr. Khan alleges that the defendants have denied him access to the courts. This argument is presented for the first time in Mr. Khan's reply brief; therefore, we need not consider it. *See Stump v. Gates*, 211 F.3d 527, 533 (10th Cir. 2000).

## III.  Conclusion

The judgment of the United States District Court for the District of Utah is AFFIRMED.

Entered for the Court

Stephen H. Anderson
Circuit Judge

-10-