**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

NASRULLA KHAN,

Plaintiff-Appellant,

v.

GLENN J. MECHAM, ROCKY J.
FLUHART, JON GREINER, A. K.
GREENWOOD, OGDEN CITY
COUNCIL, OGDEN CITY
CORPORATION, RALPH W.
MITCHELL, GLEN V. HOLLEY,
KENNETH J. ALFORD, GARTH B.
DAY, RICK J. MAYER, JESSE M.
GARCIA, and ADELE SMITH,

Defendants-Appellees.

No. 05-4082

(D. of Utah)

(D.C. No. 00-CV-114-DB)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **O'BRIEN**, and **TYMKOVICH**, Circuit Judges.[**]

---

[*] This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders; nevertheless, an order may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

Plaintiff-Appellant Nasrulla Khan appeals the denial of a motion for contempt against defendants, who are various officials for the City of Ogden, Utah. Khan argues the defendants failed to reimburse him for $98 in service of process fees that arose from the dismissal of his civil rights case in 2001.

## I. Background and Legal Issues

Mr. Khan is a frequent filer in this court. This case represents his sixth appeal regarding allegations that Ogden city officials failed to investigate his claims that he was the victim of harassing telephone calls and stalking. In Khan's most recent appeal, a panel of this Court *sua sponte* issued an order barring him from filing another appeal on the same subject matter. *Khan v. Mecham*, 80 Fed. Appx. 50, 52 (10th Cir. 2003) ("*Khan III*"). In that order, we warned Khan that he would be subject to sanctions in the future should he file yet another appeal to the Tenth Circuit regarding this same subject matter. *Id; see also Christensen v. Ward*, 916 F.2d 1462, 1469 (10th Cir. 1990) (noting this court has the power "to impose sanctions such as costs, attorneys fees and double costs for the filing of frivolous appeals, Fed. R. App. P. 38, and the inherent power to impose sanctions that are necessary to regulate the docket, promote judicial efficiency, and . . . to deter frivolous filings.")

The original complaint Khan filed with respect to the current subject matter was dismissed on September 12, 2001. Prior to dismissal, the district court

-2-

awarded Khan $98.00 in service costs. Khan never sought payment of the $98.00 nor did he reduce the court's order to judgment. Following an unsuccessful appeal to this court and a denial of his petition for writ of certiorari to the Supreme Court, Khan filed a motion seeking payment of the $98.00 service costs along with $5,000 in punitive damages. City officials paid the $98.00, which they state was "apparently forgotten during the appeals," but Khan pressed onward with his motion for sanctions. In an order adopting the reasoning articulated in the defendants' brief, the district court denied Khan's motion for contempt.

We affirm the district court's decision for two reasons. First, district courts have broad discretion to decide whether to impose sanctions. *See United States v. Gonzales*, 164 F.3d 1285, 1291 (10th Cir. 1999). Khan apparently did nothing to pursue collection of his $98.00 for a number of years, and once asked, the City of Ogden paid him immediately. Accordingly, we believe the district court was well within its discretion to deny sanctions.

Second, and more importantly, in *Khan III,* we barred Khan from filing an appeal in this court regarding the "same subject matter as *Khan I* and *Khan II*." He is in direct violation of that order, and this alone would be reason to dismiss his appeal.

## II. Conclusion and Sanction

We affirm the district court's order, and deny Khan's motion to proceed in forma pauperis. In addition, we conclude that Khan's appeal in this matter is in direct violation of the court's 2003 order in *Khan III* regarding additional appeals arising from the 2001 complaint. Accordingly, we order a sanction in the amount of $98, to be paid to defendants within thirty days of the filing of this order and judgment.

Entered for the Court

Per Curiam