**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 7 1998**

**PATRICK FISHER**
**Clerk**

PUBLISH

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

BILL LOVING,

       Plaintiff-Appellant,

v.

DAVID BOREN, President of the
University of Oklahoma,

       Defendant-Appellee.

No. 97-6086

---

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA
(D.C. No. 96-CV-657)

---

Submitted on the briefs:[*]

Bill Loving, Pro Se.

Joe Harroz, Jill Bush Raines, Fred Gipson, Lisa Millington, Kurt Ockershauser, Susan Seamans, University of Oklahoma Legal Counsel, Norman, Oklahoma, for Defendant-Appellee.

---

Before KELLY, McKAY, and BRISCOE, Circuit Judges.

---

      [*]     After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

KELLY, Circuit Judge.

Plaintiff, a professor at the University of Oklahoma, brought this action for declaratory and injunctive relief against David Boren, president of the University of Oklahoma. Plaintiff alleged that defendant violated his rights under the First Amendment by blocking access through the University's news server to certain news groups. After a bench trial, the district court entered judgment in favor of defendant. The district court's published opinion contains a thorough statement of the facts relevant to this appeal, and we will not repeat them here. See Loving v. Boren, 956 F. Supp. 953 (W.D. Okla. 1997).

The district court set forth several alternative bases upon which it entered judgment for defendant. We review the district court's determination that plaintiff lacked standing de novo, see Committee to Save the Rio Hondo v. Lucero, 102 F.3d 445, 447 (10th Cir. 1996), and we affirm on that basis. Thus, we neither address nor express an opinion as to the alternative bases for the district court's decision.

Article III of the Constitution limits the jurisdiction of federal courts to actual cases or controversies. See Lujan v. Defenders of Wildlife, 504 U.S. 555, 559 (1992). Embodied in that limitation is the requirement that a plaintiff have standing. See Phelps v. Hamilton, 122 F.3d 1309, 1326 (10th Cir. 1997). "To

meet this requirement at an 'irreducible constitutional minimum,' a plaintiff must demonstrate that (1) he or she has suffered an injury in fact; (2) there is a causal connection between the injury and the conduct complained of; and (3) it is likely that the injury will be redressed by a favorable decision." Id. (quoting Lujan, 504 U.S. at 560). The "injury in fact" is defined as "an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical." Lujan, 504 U.S. at 560 (citations and quotations omitted). A particularized invasion of a legally protected interest requires "that the injury must affect the plaintiff in a personal and individual way." Id. n.1.

These elements are an indispensable part of plaintiff's case, upon which he bears the burden of proof. See id. at 561. Plaintiff must support each element "with the manner and degree of evidence required at the successive stages of the litigation." Id. The district court entered judgment in this case after trial, and, thus, the facts related to the standing elements "must be supported adequately by the evidence adduced at trial." Id. (quotation omitted).

We recognize that "a lessening of prudential limitations on standing" may be justified in the First Amendment context; even then a plaintiff must satisfy the injury-in-fact requirement. See Phelps, 122 F.3d at 1326. Plaintiff did not testify at trial. The only trial evidence he presented was the testimony of defendant and the University's Director of Computing and Telecommunications Services.

Nowhere did plaintiff adduce evidence that he suffered any injury in fact as a result of the University's new policy conditioning access to the full service news server on the bases of age and academic purpose.[1] Plaintiff simply presented no evidence that he ever attempted to access news groups through the full service news server and was denied access because his purpose was something other than academic or educational, or that he intended to attempt access. He did not establish that he was injured by defendant's actions, let alone that the injury affected him in a personal and individual manner. Thus, plaintiff failed to establish standing. The judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED.

---

[1] Neither did he present evidence that he was injured in fact because he was denied access under the previous total access block of certain news groups. However, even if he had presented such evidence, because the new policy was in effect by the time of trial, evidence of injury resulting from the previous policy would not have satisfied his burden.