**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 4 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

LYNN A. JENKINS,

       Plaintiff-Appellant,

v.

BRUCE BABBITT, Secretary
United States Department of Interior,

       Defendant-Appellee.

No. 00-4057
(D.C. No. 99-CV-49)
(D. Utah)

**ORDER AND JUDGMENT** *

Before **TACHA** , **EBEL** , and **BRISCOE** , Circuit Judges.

Plaintiff Lynn Jenkins appeals the district court's entry of summary

judgment against him and dismissal of his action for lack of standing. Jenkins

brought suit challenging the actions of Bruce Babbitt, the Secretary of the

Interior, in a related condemnation action and seeking various sorts of declaratory

relief with respect to the property at issue in that condemnation action. The

district court determined that Jenkins did not have standing to pursue his claims

---

*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

because the court in the condemnation action had ruled that Jenkins had no interest in the property at issue. The district court concluded that the earlier ruling was res judicata in the current action. The district court further concluded that without an interest in the subject property, Jenkins had no standing to assert any of his current claims. We exercise jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. [1]

We review the district court's conclusions of law as to the applicability of res judicata de novo. *Frandsen v. Westinghouse Corp.*, 46 F.3d 975, 977 (10th Cir. 1995). We also review de novo the district court's determination as to standing. *Loving v. Boren*, 133 F.3d 771, 772 (10th Cir. 1998). Based upon our review of the record, the parties' briefs, and the pertinent law, we conclude that the district court properly determined that Jenkins had no standing to assert his present claims against Secretary Babbitt. Because we conclude that Jenkins had no standing to bring the current action, we need not address Jenkins' contention that the Office of the Solicitor General, rather than the United States Attorney's Office, should have represented Secretary Babbitt in this action.

---

[1] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

We AFFIRM the judgment of the district court for substantially the reasons stated in its oral ruling of February 9, 2000. The mandate shall issue forthwith.

Entered for the Court

David M. Ebel
Circuit Judge